NYCTL 1998-2 Trust v Siemon (2018 NY Slip Op 06993)





NYCTL 1998-2 Trust v Siemon


2018 NY Slip Op 06993


Decided on October 18, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 18, 2018

Richter, J.P., Manzanet-Daniels, Kapnick, Kern, Moulton, JJ.


301861/13 7401 7400

[*1]NYCTL 1998-2 Trust, et al., Plaintiffs-Respondents,
v
Frederick H. Siemon, Defendant-Appellant, Dollar Savings Bank of New York, etc., et al., Defendants.


Frederick H. Siemon, appellant pro se.
Windels Marx Lanes & Mittendorf, LLP, New York (Josef F. Abt of counsel), for respondents.



Appeal from order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered on or about June 21, 2017, which denied defendant's motion to dismiss the complaint with prejudice and for sanctions, deemed appeal from judgment of foreclosure and sale, same court and Justice, entered on or about June 22, 2017, and, as so considered, said judgment unanimously affirmed, without costs.
Defendant's motion under CPLR 3211(a)(7) was properly denied, as plaintiffs stated a claim under Title 11, Chapter 3 of the New York City Administrative Code. Plaintiffs are holders of a tax lien on defendant's property and produced the tax lien certificate in support of their foreclosure action, and defendant neither disputes the validity of the lien nor his failure to pay amounts owed thereunder; as such, the action was appropriately allowed to proceed (see Administrative Code § 11-331 et seq. ; see also NYCTL 1996-1 Trust v Railroad Maintenance Corp. , 266 AD2d 39 [1st Dept 1999], lv dismissed 94 NY2d 899 [2000]). Defendant offers no support for his claim that plaintiffs were required to obtain a discharge of a mortgage on his property held by Emigrant Savings Bank before seeking foreclosure relief, and the relevant statutes impose no such requirement. To the contrary, they contemplate that the holders of other mortgages will be notified of the foreclosure action (see Administrative Code § 11-335). In any event, Emigrant no longer has an interest in the subject property, as its loan was written off.
Defendant also fails to show why the complaint should have been dismissed under CPLR 3211(a)(10). Plaintiffs named and served Emigrant as successor to original defendant Dollar Savings Bank, and Jeanette Siemon, in accordance with the parties' so-ordered stipulation dated February 23, 2015. Defendant provides no support for his claim that, out of a conflict of interest, plaintiffs sought to protect Emigrant from this litigation, and no support for his assertion that plaintiffs should have named Ms. Siemon as a defendant any earlier than they did. Moreover, as defendant does not dispute, Ms. Siemon had transferred her interest in the property in 1998, and should not have been a party at all.
We have considered the parties' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 18, 2018
CLERK